# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

MELVIN LEE TAYLOR, JR.                                                   PETITIONER


v.                                      NO. 5:14CV00137 JM/HDY


RAY HOBBS, Director of the                                              RESPONDENT
Arkansas Department of Correction


## FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

RECOMMENDATION

In May of 2009, petitioner Melvin Lee Taylor, Jr., ("Taylor") pleaded guilty in three state court cases to six criminal offenses and was sentenced as an habitual offender to a term of imprisonment in the custody of respondent Ray Hobbs ("Hobbs"). Because Taylor pleaded guilty, he was precluded from appealing.

In September of 2013, Taylor filed a state trial court motion he characterized as a "motion for collateral attack." In the motion, he challenged the circumstances surrounding his guilty plea. Hobbs represents, and the undersigned accepts as true, that the motion remains pending before the state trial court.

In April of 2014, Taylor commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he advanced four claims. First, he maintained that his trial attorney provided ineffective assistance by failing to communicate favorable plea offers to Taylor. When asked to explain if he had exhausted his state remedies on the claim, he answered that he was not aware of the legal basis for the claim until another inmate told him of a "new law." See Document 1 at 5.

Second, Taylor maintained that his constitutional rights were violated when police officers took an inculpatory statement from him, this despite knowing he was under the influence of drugs at the time he made the statement.  When asked to explain if he had exhausted his state remedies on the claim, he answered that he was not aware of the claim, or that he could raise it, until "just recently." See Document 1 at 7.

Third, Taylor maintained that the charges against him should have been severed. When asked to explain if he had exhausted his state remedies on the claim, he answered that he was "not informed on this matter until recently." See Document 1 at 8.

Last, Taylor maintained that the prosecutors engaged in misconduct when they did not disclose he would be required to serve one hundred percent of his sentence because of his status as an habitual offender. When asked to explain if he had exhausted his state remedies on the claim, he answered that he did not know he would be serving his entire sentence until he received a time card from an official with the Arkansas Department of Correction.

In completing the petition, Taylor was asked about its timeliness. Specifically, he was asked to explain why the one-year statute of limitations did not bar his petition. He answered that he had difficulty obtaining a copy of the trial transcript and "other paperwork" necessary to complete his state and federal petitions, see Document 1 at 13, and this difficulty should excuse any delay in filing the petition at bar. In addition, he answered that the United States Supreme Court only recently recognized several constitutional rights supporting his claims, and he could only now file his petition raising those claims.

Hobbs responded to Taylor's petition by filing the pending motion to dismiss. See Document 11. Hobbs maintained in the motion that the petition should be dismissed because "Taylor did not file it within one year of the date his convictions became final and he is not entitled to statutory or equitable tolling." See Document 11 at 1.

Taylor filed a response to Hobbs' motion to dismiss. In the response, Taylor re-argued the claims first raised in his petition and identified the United States Supreme Court cases that supposedly supported his claims but were not announced until only recently.

The undersigned has thoroughly reviewed the record in this case. For the reason that follows, the undersigned recommends that Taylor's petition be dismissed, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealabilty be denied.

A state prisoner has one year during which he must file a petition pursuant to 28 U.S.C. 2254. If he does not file his petition within that year, it is forever barred. 28 U.S.C. 2244(d) identifies the events or dates that trigger the commencement of the one year period. The first date that will trigger the commencement of the one year period is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." See 28 U.S.C. 2244(d)(1)(A).

Taylor pleaded guilty in May of 2009. Because he pleaded guilty, he could not seek any type of direct review. His conviction therefore became final in May of 2009, and he had up through May of 2010 to file a petition pursuant to 28 U.S.C. 2254. He did not file a petition during that period but instead waited until April of 2014 to file the petition at bar. His petition is barred by limitations unless there is a later date that triggered the commencement of the one year period or there is some reason for excusing the untimely filing of his petition.

28 U.S.C. 2244(d)(1)(B) provides the one year period will commence on "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." Taylor maintains that the difficulty he had in obtaining a copy of the trial transcript and "other paperwork" was an impediment created by state action, an impediment that prevented him from filing a timely petition. His assertion, though, does nothing to give rise to a triggering date for the one year period later than May of 2009. The undersigned so finds for at least three reasons. First, Taylor has not shown that state action created the impediment. Second, he has not shown that he had right to a copy of his transcript or "other paperwork," and state action prevented him from exercising that right. Last, he has not shown why he required a copy of the transcript or "other paperwork" in order to file a petition pursuant to 28 U.S.C. 2254.

28 U.S.C. 2244(d)(1)(C) provides the one year period will commence on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Taylor maintains that the United States Supreme Court only recently recognized several constitutional rights supporting his claims. His assertion, though, does nothing to give rise to a triggering date for the one year period later than May of 2009. The undersigned so finds primarily for one reason: the constitutional rights asserted by Taylor were recognized by the Supreme Court well before he plead guilty in May of 2009.

28 U.S.C. 2244(d)(1)(D)provides the one year period will commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Taylor maintains that he only recently became aware of the factual predicate of several of his claims. His assertion, though, does nothing to give rise to a triggering date for the one year period later than May of 2009. The undersigned so finds for at least three reasons. First, Taylor knew or should have known of the factual predicate of at least three of his claims by no later than the day he was sentenced. Second, with regard to his allegation that he did not know the true length of his sentence, the Judgment and Commitment Order clearly reflects that there would be "no parole." See Document 12, Exhibit A at 3, 6, 7, 9, 10. Third, with regard to his attorney's failure to communicate favorable offers, he has not alleged what the offers were, that he would have accepted one, or when he learned of them.

Given the foregoing, the undersigned finds that Taylor's conviction became final in May of 2009, and he had up through May of 2010 to file a petition pursuant to 28 U.S.C. 2254. He did not file his petition, though, until April of 2014. Although the time during which a properly filed application for state collateral relief is pending shall not be counted toward the one year period, see 28 U.S.C. 2244(d)(2), the time during which Taylor's "motion for collateral attack" has been pending did not toll the one year period because the motion was not filed until September of 2013, or three years after the expiration of the one year period. In short, Taylor's petition should be dismissed as time barred unless he can show some justification for tolling the one year period.

In order for Taylor to gain the benefit of equitable tolling, he must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" See Finch v. Miller, 491 F.3d 424, 427 (8th Cir. 2007) [quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)]. The application of the equitable tolling doctrine is proper only when "'extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time,'" see Id. [quoting Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000)], and is "an exceedingly narrow window of relief,'" see Id. at 428 [quoting Maghee v. Ault, 410 F.3d 473, 476 (8th Cir. 2005)].

Liberally construing Taylor's pro se pleadings, he appears to advance two justifications for tolling the one year period. First, he maintains that his attorney provided ineffective assistance. "Ineffective assistance of counsel generally does not warrant equitable tolling." See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002). Instead, something more is required, such as an affirmative misrepresentation by counsel that lulled a petitioner into inaction. See Id. Taylor makes no such assertion.

Second, Taylor appears to maintain that he is actually innocent of the offenses. Actual innocence may excuse the untimely filing of a petition pursuant to 28 U.S.C. 2254, but the assertion of actual innocence must be supported by some newly discovered evidence. See McQuiggin v. Perkins, 569 U.S. —, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013). See also Williams v. Hobbs, 509 Fed.Appx. 558 (8th Cir. 2013). Taylor has not come forward with such evidence.

The undersigned finds that Taylor filed the petition at bar after the expiration of the one year period. Because he has offered no justification for tolling that period, his petition is barred by limitations and should be dismissed. The undersigned therefore recommends that his petition be dismissed, all requested relief be denied, judgment be entered for Hobbs, and a certificate of appealabilty be denied.

DATED this ___17___ day of June, 2014.


_____
UNITED STATES MAGISTRATE JUDGE